UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAROLYN BIVONA,

                Plaintiff,                                      COMPLAINT

-against-

NEW YORK CITY DEPARTMENT OF            JURY TRIAL DEMANDED
EDUCATION; ERICA MATTERA, PRINCIPAL
OF P.S. 11; JOHN FERRANNINI, ASSISTANT
PRINCIPAL OF P.S.11,

                Defendants.

---

Plaintiff **CAROLYN BIVONA**, by and through her attorneys GLASS KRAKOWER LLP, as and for her Complaint, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff tenured special education teacher Carolyn Bivona brings this action pursuant to the federal Age Discrimination in Employment Act (ADEA), based on age discrimination and retaliation at her workplace, as well as religious discrimination under the New York State and New York City Human Rights Law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the federal Age Discrimination in Employment Act (ADEA).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

1

## THE PARTIES

4. Plaintiff Carolyn Bivona is a resident of the City of New York and State of New York.

5. At all times relevant herein, Defendant New York City Department of Education ("NYCDOE") is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 *et seq*.

6. At all times relevant herein, Erica Mattera was the Principal of P.S. 11, a preK-5th grade school in Staten Island, New York, within the NYCDOE, since October 2005. Upon information and belief, she is approximately 43 years old and not of the Roman Catholic faith.

7. At all times relevant herein, John Ferrannini was an Assistant Principal at P.S. 11, in Staten Island, New York, within the NYCDOE since on or about September 2014. Upon information and belief, he is approximately 38 years old.

## FACTUAL ALLEGATIONS

8. Plaintiff has worked as special education teacher with the NYCDOE since on or about 1994 and has been working at P.S. 11 since on or about 1996.

9. Plaintiff has a Masters in Special Education degree and holds three teaching licenses in special education (birth-12), common branches, and English as a Second Language (ESL).

10. Plaintiff is presently 70 years old.

11. Plaintiff is of the Roman Catholic faith.

12. Plaintiff was the UFT chapter leader of the school for approximately 12 years between approximately May 2003 and May 2015.

13. Plaintiff received all Satisfactory or effective ratings until the 2014-15 school year, when AP Ferrannini rated Plaintiff "Developing" on her Measures of Teaching Practice (MOTP) score.

14. In June 2016, Plaintiff was denied a program preference for the 2016-17 school year despite having seniority for the 8:1:1 Autistic Spectrum Disorder (ASD) class.

15. Plaintiff grieved the program preference against the school administration and was granted the class after a June 21, 2016 conference with the Superintendent's designee.

16. On or about September 19, 2016, Plaintiff was falsely accused by a paraprofessional in her classroom, Brittany LaRosa, of several false allegations arising in her classroom, *inter alia*, regarding her not properly comforting a student in her class who was crying, and subsequently calling Ms. LaRosa out for falsely reporting her. Plaintiff was not removed at that time from her classroom despite the allegations by Ms. LaRosa against her.

17. Upon information and belief, AP Ferrannini hired paraprofessional LaRosa at the school and assigned her to Plaintiff's classroom, and AP Ferrannini's mother knew LaRosa personally prior to AP Ferrannini hiring her.

18. In mid-November 2016, Plaintiff made allegations to AP John Ferrannini against the paraprofessional LaRosa in mid-November 2016 for LaRosa inappropriately touching an autistic male student in her classroom. These allegations by Plaintiff were reported to the New York City Special Commissioner of Investigation (SCI), but SCI did not do a full investigation of Plaintiff's complaint against Ms. LaRosa and instead closed the case.

19. On or about December 8, 2016, Plaintiff took off for a religious holiday for a Roman Catholic holiday, Immaculate Conception Day. Plaintiff originally submitted the request for the day off in September 2016.

20. Principal Mattera denied the request, which she had always previously granted to Plaintiff for several years. Principal Mattera gave Plaintiff a letter for insubordination for taking

the day off, dated January 3, 2017, which since has been grieved by Plaintiff and is presently awaiting arbitration by her union.

21.     Plaintiff received a disciplinary letter on or about December 14, 2016, stemming from Ms. LaRosa's September 19, 2016 allegations.

22.     On February 3, 2017, Plaintiff was eventually removed by Defendants from the P.S. 11 school to a Staten Island district office from her classroom duties.

23.     Plaintiff received her first set of Section 3020-a specifications on or about February 6, 2017, stemming from the allegations regarding not comforting a child on September 19, 2016.

24.     Plaintiff dually filed an age discrimination complaint with the New York State Division of Human Rights (SDHR) and U.S. EEOC on or about March 8, 2017.

25.     The Section 3020-a hearing on the first set of specifications against Plaintiff began on or about April 2017, with approximately 5 hearing dates held before Hearing Officer Phil Maier in March and April 2017.

26.     On or about May 23, 2017, Plaintiff received a decision from Hearing Officer Maier, acquitting her of all of the Section 3020-a charges, and finding serious credibility issues in the testimony of paraprofessional LaRosa, AP Ferrannini, and the DOE witnesses. A copy of that 3020-a decision is annexed hereto as Exhibit A.

27.     Rather than return Plaintiff to the classroom after her Section 3020-a exoneration by Hearing Officer Maier, Defendants promptly moved forward on a second set of Section 3020-a disciplinary charges against Plaintiff and kept her reassigned out of the school.

28.     On May 17, 2017, Plaintiff was presented a Special Commissioner of Investigation (SCI) report, dated May 4, 2017, substantiating charges of corporal punishment against Plaintiff arising from a February 1, 2017 incident where she allegedly placed her hand over the mouth of an

autistic student in her class. This was the same student that Plaintiff had reported Ms. LaRosa inappropriately touched, on or about November 16, 2016. Plaintiff was not even aware such an investigation was going on about the February allegations until the May 17, 2017 disciplinary meeting.

29. Plaintiff received a second set of 3020-a charges on or about June 21, 2017, arising from the May 4, 2017 SCI report, which has been presently assigned to Hearing Officer Stuart Bauchner. The 3020-a case hearings commenced in mid-November 2017.

30. At the second 3020-a hearing, the student's mother testified on behalf of Plaintiff that the student denied to her the allegations made by the paraprofessional Angela Sanfilippo and Jenny Figueroa against Plaintiff that Plaintiff touched the student's mouth with her finger.

31. AP Ferrannini also testified that he did not want Plaintiff back at the school under any circumstances.

32. Plaintiff requested and received a notice of right to sue letter from the U.S. EEOC, dated October 23, 2017, annexed hereto as Exhibit B.

### FIRST CLAIM FOR RELIEF

**(Claims for Violation of ADEA – Age Discrimination and Retaliation)**

33. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

34. Defendant, through the aforementioned conduct, have violated the federal Age Discrimination in Employment Act, by discriminating against her by (1) bringing her up on two sets of false corporal punishment allegations and false 3020-a disciplinary charges arising therefrom, the first set for which she already was exonerated; (2) unjustifiably trying to deny her

class preference despite her seniority for 2016-17; and (3) arbitrarily denying her a day off for a religious holiday despite granting it many consecutive years before.

35. Upon information and belief, all teachers at P.S. 11 who have received 3020-a charges have been over 50 years old. Another teacher over 60 years old also was denied the religious holiday cited above, and has the most seniority in the school. Upon information and belief, no disciplinary action has been taken against Brittany LaRosa, who is approximately 22 years old.

## SECOND CLAIM FOR RELIEF

**(Claims for Violation of New York State Human Rights Law – Religious Discrimination)**

36. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

37. Defendants, through the aforementioned conduct, have violated the New York City Human Rights Law by refusing to give Plaintiff a day off for her Roman Catholic religious holiday and giving her an insubordination letter as a result of her taking the day off.

## THIRD CLAIM FOR RELIEF

**(Claims for Violation of New York City Human Rights Law – Religious Discrimination)**

38. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

39. Defendants, through the aforementioned conduct, have violated the New York City Human Rights Law by refusing to give Plaintiff a day off for her Roman Catholic religious holiday and giving her an insubordination letter as a result of her taking the day off

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant NYCDOE is in violation of the federal ADEA;

B. A declaratory judgment that Defendants are in violation of New York State Human Rights Law based on religious discrimination;

C. A declaratory judgment that Defendants are in violation of New York City Human Rights Law based on religious discrimination;

D. Awarding Plaintiff compensatory damages (including but not limited to emotional distress damages) and punitive damages (to the extent available) pursuant to the ADEA and the New York State and City Human Rights Law;

E. Awarding Plaintiff costs and reasonable attorneys' fees; and

F. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: New York, New York
November 30, 2017

                        **GLASS KRAKOWER LLP**
                        Attorneys for Plaintiff
                        100 Church Street, 8th Floor, Suite 800
                        New York, NY 10007
                        (212) 537-6859

By: _____s/_____

                        Bryan D. Glass, Esq.